T.C. Memo. 2013-106

UNITED STATES TAX COURT

CHARLES L. BAROCAS AND HEIDI COHEN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22601-10.                    Filed April 15, 2013.

Charles L. Barocas and Heidi Cohen, pro se.

Anne M. Craig, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  After concessions, the issue for decision, relating to

petitioners' 2007 Federal income tax return, is whether petitioners are entitled to

deduct certain Schedule C expenses.

[*2]                              FINDINGS OF FACT

Mr. Barocas is the director of the American Society of Orthopedic Professionals (ASOP). During 2007 Ms. Cohen was a commercial real estate agent. Petitioners timely filed their Federal income tax return relating to 2007. On their Schedule C, Profit or Loss From Business, petitioners claimed deductions for $1,680 of cellular phone expenses, $6,850 of car and truck expenses (i.e., using the 2007 standard mileage rate of 48.5 cents per mile for 14,123 business miles), $850 of travel expenses, and $300 of "Other Expenses".

Respondent audited petitioners' return and disallowed, for lack of substantiation, the deductions relating to the claimed Schedule C expenses. In addition, respondent determined that Mr. Barocas had received $800 of unreported income from the University of South Florida and Ms. Cohen had received $1,000 of unreported income from ASOP. On September 16, 2010, respondent sent petitioners a notice of deficiency relating to 2007. On October 12, 2010, petitioners, while residing in Florida, timely filed a petition with the Court. On December 2, 2010, petitioners filed an amended petition contesting respondent's disallowance of the deductions relating to their reported Schedule C expenses. On December 3, 2012, the Court granted respondent's motion to dismiss for lack of prosecution relating to Ms. Cohen.

**[\*3]**                                         OPINION

Section 162[1] allows a deduction for all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 274(d) provides that no deduction shall be allowed with respect to any listed property defined in section 280F(d)(4), unless the taxpayer substantiates: the amount of the expense, the time and place of the use of the property, the business purpose of the expense, and the business relationship to the taxpayer of the property used. See Boyd v. Commissioner, 122 T.C. 305, 320 (2004). While a taxpayer may opt to use the standard mileage rate to calculate car and truck expenses, the taxpayer must substantiate the business mileage and the business purpose of each vehicle use. See sec. 1.274-5(j)(2), Income Tax Regs.

On their Schedule C, petitioners deducted $1,680 of cellular phone expenses and, using the 2007 standard mileage rate of 48.5 cents per mile, $6,850 of car and truck expenses relating to a passenger vehicle. At trial, Mr. Barocas contended that, instead of using the standard mileage rate, petitioners should be allowed to deduct actual car and truck expenses (i.e., lease payments and insurance costs)

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*4]** because the passenger vehicle was used solely in Ms. Cohen's business.[2] We disagree. Pursuant to section 280F, cellular phones and passenger vehicles were listed property during the year in issue, and petitioners did not meet the section 274(d) substantiation requirements. See secs. 162, 274(d), 280F(d)(4) and (5); Boyd v. Commissioner, 122 T.C. at 320; Shea v. Commissioner, 112 T.C. 183, 186-187 (1999); sec. 1.274-5, Income Tax Regs.; sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). In addition, petitioners failed to present evidence relating to the "Other Expenses" reported on their Schedule C. Accordingly, petitioners are not entitled to deduct Schedule C expenses in excess of the amount respondent conceded.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[2]Pursuant to sec. 7491(a), petitioners have the burden of proof unless they introduce credible evidence relating to the issue that would shift the burden to respondent. See Rule 142(a). Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial. See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).